UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KEVIN JOSEPH BOURNE, | ) | Civil Action No.: 4:15-cv-0715-BHH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| DILLON CITY OFFICER TONY CUMMINGS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.    INTRODUCTION**

Plaintiff, who is proceeding pro se, asserts constitutional rights violations pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendant's Motion for Summary Judgment (Document # 15). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the motion being granted. Plaintiff has not filed a response to the motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC. This Report and Recommendation is filed for review by the district judge.

**II.   RULE 41(b) DISMISSAL**

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs.,

-2-

Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to prosecute this case. Because of Plaintiff's failure to respond to the present motion for summary judgment, the undersigned concludes he has abandoned his claims against Defendant. No other conclusion is reasonable.

### III.     MOTION FOR SUMMARY JUDGMENT

#### A.     Facts

In his Complaint, Plaintiff alleges that Defendant Cummings "physically assaulted" and "wrongfully arrested" him. Complaint ¶ 2. Based upon the affidavit testimony of Officer Cummings,

Plaintiff was arrested on May 12, 2014, for disorderly conduct arising from events associated with a traffic stop. As Officer Cummings described, he was on routine patrol when flagged down by Anthony McKenzie of Black's Tire Service who reported that an individual later identified as the Plaintiff had driven a vehicle from Black's Tire Service without paying the bill for services. McKenzie located Plaintiff's vehicle, and Officer Cummings initiated a traffic stop. Cummings Aff. ¶ 2 (Ex. to Def. Motion). Officer Cummings addressed the situation with the Plaintiff who admitted that he had taken his deceased grandmother's vehicle to Black's Tire Service and, following a dispute about the cost of repairs, had driven the vehicle from Black's Tire Service without paying for the services. Cummings Aff. ¶ 3. Another officer on the scene, Sgt. James Hayes, requested that Plaintiff return the vehicle to Black's Tire Service, which Plaintiff refused to do. Cummings Aff. ¶ 3. Plaintiff was given a direct order to step from the vehicle, which he also refused. The officers then removed Plaintiff and arrested him for disorderly conduct. Plaintiff was then transported to the Dillon County Detention Center. Cummings Aff. ¶ 3.

Later, the Plaintiff was also charged with Breach of Trust with Fraudulent Intent, less than $2000. Cummings Aff. ¶ 4. According to Officer Cummings, "Mr. Bourne had admitted to me that he had gone onto the property of Black's Tire Service knowing that he had not paid the repair bill. Mr. Bourne used a spare key for the vehicle and drove the vehicle from that location. When given the opportunity, Mr. Bourne refused to return the vehicle and indicated no intention to pay the repair bill on the vehicle." Cummings Aff. ¶ 4. Based on those facts, an arrest warrant was issued by Dillon Municipal Judge James Francis Rogers. Cummings Aff. ¶ 5.

The record reflects that Plaintiff received a jury trial on both charges in the Dillon County Magistrate's Court on March 10, 2015. The jury found the Plaintiff guilty of both disorderly conduct and Breach of Trust with Fraudulent Intent. Owens Aff. ¶¶ 2-3 (Ex. to Def. Motion); Cummings Aff.

¶ 6. No appeal has been filed. Owens Aff., Ex. A, B.

### B.    Standard of Review

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**C.     Discussion**

Liberally construing Plaintiff's complaint, he appears to assert constitutional violations of wrongful arrest and excessive force under 42 U.S.C. § 1983. To state a claim for false arrest, also known as false imprisonment, Plaintiff must claim an arrest made without an arrest warrant. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir.1996) (a public official cannot be charged with false arrest when he makes the arrest pursuant to a facially valid warrant). In his complaint, Plaintiff alleges only that he was wrongfully arrested for breach of trust. This arrest was made pursuant to an arrest warrant issued by a magistrate judge. Plaintiff has failed to present evidence that Cummings made material, false statements in support of the warrant, see Miller v. Prince George's County, Md., 475 F.3d 621 (4th Cir.2007), and, thus, his claim with respect to the breach of trust arrest is without merit.

Plaintiff also alleges that Cummings assaulted him, although he provides no allegations, much less evidence, regarding the physical encounter between him and Cummings. "The Fourth Amendment prohibition on unreasonable seizures bars police officers from using excessive force to seize a free citizen." Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003) (citing Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989). In Jones, the Fourth Circuit provides,

> We weigh "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham, 490 U.S. at 396, 109 S.Ct. 1865 (internal quotation marks omitted). This

test requires us to determine the reasonableness of an officer's actions and is "not capable of precise definition or mechanical application." Bell v. Wolfish, 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Instead it "requires careful attention to the facts and circumstances of each particular case." Graham, 490 U.S. at 396, 109 S.Ct. 1865. Those facts and circumstances include "the severity of the crime at issue," whether the "suspect poses an immediate threat to the safety of the officers or others," and whether the suspect "is actively resisting arrest or attempting to evade arrest by flight." Id. at 396, 109 S.Ct. 1865. The extent of the plaintiff's injury is also a relevant consideration. See Rowland v. Perry, 41 F.3d 167, 174 (4th Cir.1994); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.1987).

Jones, 325 F.3d at 527. The only evidence in the record regarding the alleged encounter is from Cummings, who avers that he used minimal force to remove Plaintiff's fingers from the steering wheel of the vehicle after Plaintiff refused a direct order to step out of the vehicle. Cummings Aff. ¶ 3. These facts do not give rise to a constitutional violation.

In sum, Plaintiff fails to present evidence sufficient to create an issue of fact as to his wrongful arrest and excessive force claims and, thus, summary judgment is appropriate.

### III.    CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b). In the alternative, it is recommended that Defendant's Motion for Summary Judgment (Document # 15) be granted and this case dismissed in its entirety.

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

July 23, 2015
Florence, South Carolina

**The parties are directed to the important information on the following page.**